

FILED IN CHAMBERS
U.S.D.C. Rome
Page 1 of 5

FEB 17 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

### UNITED STATES OF AMERICA

**-vs-**                                          **Case No. 4:09-CR-035-02-RLV**

### KEVIN ANTONIO FIELDS

**Defendant's Attorney:**
**DEBRA GOMEZ**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pled guilty to Count(s) One (1) and Twenty (20) of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. §1349 | Conspiracy to Commit Wire Fraud | 1 |
| 18 U.S.C. §1956 | Money Laundering | 20 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$200.00** which shall be due immediately.

The Court finds that the defendant does not have the ability to pay a fine, cost of incarceration and cost of supervision. The Court will waive the fine, cost of incarceration, and cost of supervision in this case.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.      4574          Date of Imposition of Sentence: February 17, 2011
Defendant's Date of Birth:      1977
Defendant's Mailing Address:
Forsyth, Georgia 31029

Signed this the 17th day of February 2011.

ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

4:09-CR-035-02-RLV : Kevin Antonio Fields

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Thirty-Seven (37) months as to Count One and Thirty-Seven (37) months as to Count Twenty, Count Twenty to be served concurrent to Count One for a total term of Thirty-Seven (37) months.**

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

**Defendant delivered on** _____ **to** _____

**at** _____, **with a certified copy of this judgment.**

**UNITED STATES MARSHAL**

By:_____

**Deputy U.S. Marshal**

4:09-CR-035-02-RLV : Kevin Antonio Fields

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) Years as to Count One and Three (3) Years as to Count Twenty, both such terms to be served concurrently with each other.** Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this court, and shall comply with the following additional conditions:

1. The defendant shall refrain from any unlawful use or possession of a controlled substance.

2. The defendant shall participate in the drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.

3. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

4. The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

5. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. It is ordered that all of the Defendant's right, title and interest in the property identified in the Consent Preliminary Order of Forfeiture dated January 14, 2011, which is hereby incorporated by reference, is forfeited.

4:09-CR-035-02-RLV : Kevin Antonio Fields

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

4:09-CR-035-02-RLV : Kevin Antonio Fields

## RESTITUTION

It is further ordered that the defendant, Kevin Antonio Fields, pay restitution in the amount of $3,200,000.00, to the following entities:

**Institution**                                                                                                      **Amount**

B&F P.C.                                                                                                          $3,200,000.00

It is found by the Court that the restitution grows out of fraud committed against Temple Inland Company.

The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $300.00, plus 25% of gross income in excess of $2,000 per month. The restitution payment schedule may be modified by the probation officer based on the defendant's financial status during the term of supervised release. The amount of restitution can be modified by the Court depending on the amount paid by other defendants or entities.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.